UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL RUIZ,<br><br>        Plaintiff,<br><br>    v.<br><br>JUNIOR FORTUNE, et al.,<br><br>        Defendants. | Case No. 1:20-cv-01100-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE<br><br>ORDER GRANTING PLAINTIFF THIRTY DAYS TO RESPOND TO SCREENING ORDER<br><br>(ECF No. 14) |

Angel Ruiz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this action.

On November 4, 2020, Plaintiff filed a letter. (ECF No. 14). In the letter, Plaintiff states that, due to the COVID-19 pandemic, he has not been able to successfully put together an amended response to the Court's screening order. Plaintiff asks for appointment of counsel because he currently has no help and lacks the legal knowledge to pursue this action.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28

1

U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  <u>Id.</u> (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time.  The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims.  In fact, the Court has found that Plaintiff's complaint fails to state any cognizable claims. (ECF No. 13).  Moreover, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.  However, the Court finds good cause to grant Plaintiff an extension of time to respond to the screening order.  Accordingly, IT IS FURTHER ORDERED that Plaintiff has thirty days from the date of service of this order to respond to the screening order.[1]

IT IS SO ORDERED.

Dated:  **November 6, 2020**         /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE

---

[1] If Plaintiff chooses to amend his complaint, he may plead compliance with California's Government Claims Act and should attach his Government Claim Form to his amended complaint.  He should also attach the response he received, if any.