UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL RUIZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JUNIOR FORTUNE, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01100-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED<br><br>(ECF No. 20)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Angel Ruiz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed the complaint commencing this action on July 27, 2020. (ECF No. 1). On October 7, 2020, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. (ECF No. 13). The Court gave Plaintiff thirty days to either: "a. File a First Amended Complaint; or b. Notify the Court in writing that he wants to stand on his complaint." (Id. at 13).

On January 21, 2021, Plaintiff filed his First Amended Complaint. (ECF No. 20). The Court has reviewed Plaintiff's First Amended Complaint, and for the reasons described in this order will recommend that this action be dismissed.

Plaintiff has twenty-one days from the date of service of these findings and

1

recommendations to file his objections.

### I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 12), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

\\\

\\\

**II.     SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff alleges as follows in his First Amended Complaint:

On February 27, 2019, Plaintiff was in serious medical need of treatment at Pleasant Valley State Prison.  While experiencing severe pain in his back, his spine, and right leg, Plaintiff called for help from prison officers.  Plaintiff was escorted to the Clinical Treatment Center.  While there, Plaintiff asked defendant Fortune to make an MRI specialist appointment because Plaintiff knew that something was seriously medically wrong with him.  Defendant and officers laughed at Plaintiff and said physical therapy for eight weeks was the only thing needed for the pain Plaintiff was feeling.

Defendants failed to treat Plaintiff's condition, which resulted in further significant injury and wanton infliction of pain.  Plaintiff's chronic and serious condition significantly affects daily activities.  Once Plaintiff completed eight weeks of physical therapy, the pain became so much worse that doctors even noticed Plaintiff's serious medical need and rushed an MRI screening.

With the results from the MRI screening, Defendants admitted Plaintiff to Mercy Hospital Unit on March 25, 2019.  Plaintiff was diagnosed with a Valley Fever infection in his spine and "deteriation" in his neck.  He now has to walk with a cane and take medication for the rest of his life.

Plaintiff fears death as his condition continually gets worse.

Plaintiff is now high risk medical, and COVID-19 has entered the prison.

**III.     ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

    **A.  Section 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant

holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged.  Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under section 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," Hansen, 885 F.2d at 646 (citations and internal quotation marks omitted).

For instance, a supervisor may be liable for his or her "own culpable action or inaction in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others."  Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

### B. Deliberate Indifference to Serious Medical Needs in Violation of the Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent."  Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)) (citation and internal quotations marks omitted), overruled on other grounds by WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

Deliberate indifference is established only where the defendant *subjectively* "knows of

1  and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d
2  1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).
3  Deliberate indifference can be established "by showing (a) a purposeful act or failure to
4  respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."
5  Jett, 439 F.3d at 1096 (citation omitted).  Civil recklessness (failure "to act in the face of an
6  unjustifiably high risk of harm that is either known or so obvious that it should be known") is
7  insufficient to establish an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S. 825,
8  836-37 & n.5 (1994) (citations omitted).

9      A difference of opinion between an inmate and prison medical personnel—or between
10 medical professionals—regarding appropriate medical diagnosis and treatment is not enough to
11 establish a deliberate indifference claim.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989);
12 Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).  Additionally, "a complaint that a
13 physician has been negligent in diagnosing or treating a medical condition does not state a valid
14 claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not
15 become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at
16 106.  To establish a difference of opinion rising to the level of deliberate indifference, a
17 "plaintiff must show that the course of treatment the doctors chose was medically unacceptable
18 under the circumstances."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

19     Once again, Plaintiff has sufficiently alleged that he has a serious medical condition, but
20 the allegations in the complaint, even if true, do not sufficiently show that any defendant was
21 deliberately indifferent to Plaintiff's condition under the legal standards above.

22     Plaintiff has alleged that he was provided with treatment for his back, spine, and leg
23 pain.  After complaining about the pain Plaintiff received physical therapy, and when that did
24 not work, an MRI was approved.  Immediately following the MRI results, Plaintiff was
25 admitted to Mercy Hospital Unit.  As the Court informed Plaintiff previously, "[w]hile Plaintiff
26 believes he should have received the MRI earlier, and while Plaintiff may in the end have been
27 correct, a difference of opinion regarding appropriate medical diagnosis and treatment is not
28 enough to establish a deliberate indifference claim." (ECF No. 13, p. 9).  Plaintiff's allegations

that he asked for an MRI and that Defendants laughed at him when he was seen on February 27, 2019, does not change this analysis. Plaintiff has not sufficiently alleged that any defendant knew he needed an MRI earlier or that the treatment any defendant chose was medically unacceptable under the circumstances.

Accordingly, the Court finds that Plaintiff has failed to state an Eighth Amendment claim for deliberate indifference to his serious medical needs.

### C. State Law Claims

It is not clear if Plaintiff is attempting to assert any state law claims. To the extent that he is, because the Court has found that Plaintiff failed to state any cognizable federal claims, the Court finds that the exercise of supplemental jurisdiction over Plaintiff's state law claims is not appropriate. 28 U.S.C. § 1367(c)(3); Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal law claims are eliminated before trial, the balance of factors ... will point towards declining to exercise jurisdiction over the remaining state-law claims'") (alteration in original) (citation omitted).

### IV.    CONCLUSION, RECOMMENDATIONS, AND ORDER

The Court recommends that this action be dismissed without granting Plaintiff further leave to amend. In the Court's prior screening order, the Court identified the deficiencies in Plaintiff's complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff with an opportunity to amend his complaint. Plaintiff filed his First Amended Complaint with the benefit of the Court's screening order, but failed to cure the deficiencies identified in the screening order. Thus, it appears that further leave to amend would be futile.

Accordingly, the Court HEREBY RECOMMENDS that:

1. Plaintiff's federal claims be dismissed for failure to state a claim upon which relief may be granted;
2. Plaintiff's state law claims be dismissed without prejudice to Plaintiff bringing the claims in state court; and
3. The Clerk of Court be directed to close this case.

7

1  These findings and recommendations will be submitted to the United States district
2  judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within
3  twenty-one (21) days after being served with these findings and recommendations, Plaintiff
4  may file written objections with the Court.  The document should be captioned "Objections to
5  Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
6  objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v.
7  Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394
8  (9th Cir. 1991)).

9  Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district
10  judge to this case.

IT IS SO ORDERED.

Dated:  **January 29, 2021**          /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE